IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. LOUIS T. JONES, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | NO. 10-3202 |
| LYNN DEXHEIMER, Warden, Taylorville Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the application and petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Louis T. Jones. Pursuant to Rule 4 of the Rules Governing Habeas Corpus Petitions Under Section 2254, the Court ordered the Respondent[1] to file an Answer or other Response. After reviewing the record, the Court concludes that an evidentiary hearing is not warranted.

---

[1] Lynn Dexheimer is now the Warden of Taylorville Correctional Center and is substituted as the proper Respondent in this matter. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

# I. BACKGROUND

Petitioner Louis Jones is incarcerated at the Taylorville Correctional Center in Taylorville, Illinois, where he is in the custody of Warden Jerry Buscher. At the conclusion of a 2005 jury trial in the Circuit Court of Macon County, the Petitioner was convicted of predatory criminal sexual assault and aggravated criminal sexual abuse and sentenced to consecutive terms of ten years and three years of imprisonment, respectively.

On appeal, the Petitioner raised four claims: (1) the trial court erred by failing to inquire into his pro se claim of ineffective assistance of trial counsel; (2) the trial court erred when it allowed a police officer to testify that she believed the Petitioner was guilty of the charged offenses; (3) trial counsel was ineffective; and (4) the Petitioner was entitled to 249 days of credit against his sentence for time served prior to sentencing, instead of the 217 days that the trial court had credited him with, resulting in an additional 32 days of sentencing credit. On January 23, 2007, the state appellate court affirmed the Petitioner's convictions and sentences and amended his sentencing order to reflect 31 days of credit against his prison

sentence for time served prior to sentencing–a total of 248 days of credit instead of 217.

The Petitioner filed a petition for leave to appeal (PLA) the appellate court's judgment, claiming, inter alia, that the sentencing order should be amended to reflect additional days of credit. On May 31, 2007, the Illinois Supreme Court denied the PLA. The Petitioner then had 90 days within which to file a petition for a writ of certiorari in the United States Supreme Court. See S. Ct. Rule 13. He chose not to do so. The appellate court's mandate issued on July 12, 2007, affirming the judgment of the circuit court as modified to reflect the additional sentencing credit. The appellate court remanded the case to the circuit court with directions to conduct proceedings consistent with its order.

On February 22, 2007, the Petitioner filed in the Circuit Court of Macon County a pro se post-conviction petition pursuant to 725 ILCS 5/122-1, et seq. On September 28, 2007, an order of habeas corpus was entered to writ the Petitioner in for a status hearing on October 18, 2007. The court appointed counsel to represent the Petitioner at the hearing. On

August 15, 2008, an amended post-conviction petition was filed. On October 8, 2008, the trial court denied the post-conviction petition. The Petitioner did not appeal the judgment.

The Petitioner signed the instant § 2254 petition on August 5, 2010, and it was received by the Court on August 9, 2010. Although the petition lists four grounds for relief, it amounts to one claim: the Petitioner alleges that he is being held unlawfully after the state appellate court ruled in his favor on July 12, 2007, "on post-conviction relief."

## II. ANALYSIS

### (A)

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

28 U.S.C. § 2254(c).

Thus, federal habeas review is not appropriate unless the state prisoner has first exhausted his available state court remedies. See Gonzalez v. Mize, 565 F.3d 373, 380 (7th Cir. 2009). "The petitioner is therefore required to first present the state courts with the same claim he urges upon the federal courts." Lieberman v. Thomas, 505 F.3d 665, 670 (7th Cir. 2007) (internal quotation marks and citations omitted). A federal court may not address the merits of a claim brought in a habeas petition unless the state courts were given "a full and fair opportunity" to review the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The Respondent claims that Petitioner has not "exhausted the remedies available in the courts of the State" under § 2254(b)(1), because he has an available state remedy in which to assert his habeas claim but has failed to avail himself of it. The Petitioner alleges that he is being held unlawfully after the state appellate court ruled in his favor on July 12, 2007, "on post-conviction relief." The Respondent notes that, instead of attacking his judgment of conviction, the Petitioner is alleging a post-

conviction occurrence entitling him to immediate release. Accordingly, the § 2254 claim is a claim contemplated by Illinois state habeas corpus. See Beacham v. Walker, 896 N.E.2d 920, 927 (Ill. 2008); Hennings v. Chandler, 890 N.E.2d 920, 927 (Ill. 2008). However, the Petitioner has never presented that claim in any state court.

Under Illinois law, habeas relief is available in only two circumstances: (1) "to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner"; or (2) "where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." Beacham, 896 N.E.2d at 332; see also 735 ILCS 5/10-124 (listing the seven specific grounds for relief comprising these two categories). Because the Petitioner has never raised this claim in the appropriate state forum, it has not been exhausted. See Boerckel, 526 U.S. at 845.

The Petitioner has not given the state courts a full and fair opportunity to review his claims throughout one complete round of the State's established appeals process. See Boerckel, 526 U.S. at 845. Because

the Petitioner has not done so with respect to the claim presented in the instant petition and because available state processes for presenting such a claim exist, the § 2254 claim is unexhausted.

Ordinarily, "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." See Coleman v. Thompson, 501 U.S. 722, 731 (1991). However, the Court may deny an application for a writ of habeas corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(2). The Respondent contends that the Court should do so here because the Petitioner's claim that the appellate court's mandate entitles him to release is contradicted by indisputable documents that show the claim has no factual basis.

Upon reviewing the record, the Court concludes that Petitioner's claim that the state appellate court granted him post-conviction relief is meritless. On direct appeal, the appellate court affirmed his convictions and sentences but amended the sentencing order to reflect 31 days of credit

against his prison sentence for time served prior to sentencing. After the Illinois Supreme Court denied the PLA, the appellate court's mandate issued in the normal course on July 12, 2007. The Petitioner's contention that the order granted him "postconviction" relief is contradicted by the record. The mandate effectuated the appellate court's prior order filed on January 23, 2007, by affirming the Petitioner's convictions and sentences, but modifying the circuit court's judgment to reflect additional sentencing credit.

It appears that Petitioner may misunderstand this case's procedural history. The mandate was issued on July 12, 2007, in connection with the Petitioner's direct appeal, not any post-conviction litigation, and merely implemented the court's order of January 23, 2007. The post-conviction petition was an entirely different matter and was resolved adversely to the Petitioner. Thus, the appellate court's mandate did not award the Petitioner any post-conviction relief.

For the reasons noted above, the Court concludes that the Petitioner's unexhausted habeas claim is without merit. The exhibits submitted in

8

connection with the Respondent's Answer show that contrary to the grounds raised in the petition, the Petitioner was not awarded any relief in connection with the July 12, 2007 mandate. Accordingly, the petition will be denied on the merits under 28 U.S.C. § 2254(b)(2).[2]

(B)

Upon entering an Order denying habeas relief, the Court must consider whether to issue a certificate of appealability. See Rule 11(a) of the Rules Governing Habeas Corpus Petitions Under Section 2254.

In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the Petitioner has made no such showing, the Court declines to certify his claim for appeal.

Ergo, the application and petition for a writ of habeas corpus under 28 U.S.C. § 2254 [d/e 1] is DENIED. All other motions are DENIED AS

---

[2] It also appears that, to the extent it attacks the judgment of conviction, the petition is untimely. It was filed well over one year after his judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A), and there does not appear to be any basis for allowing for equitable tolling. Accordingly, the petition is subject to dismissal because it is untimely.

MOOT.

The Court declines to issue a certificate of appealability.

ENTER: September 12, 2011

   FOR THE COURT:

          s/Richard Mills
          United States District Judge